UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SUDBERRY,

    Plaintiff,

vs.

C.O. THOMAS, *et al.*,

    Defendants.

Case No. 1:08-cv-208

Weber, .J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION CAPTIONED "DISCOVERY RELEASE OF CUSTODY/MOTION TO MOVE OR PLEAD" (Doc. 28) BE DENIED; (2) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 30) BE GRANTED; (3) AND THIS CASE BE CLOSED.**

This civil case is before the Court on the following: (1) the motion of Plaintiff, James Sudberry, captioned "Discovery Release or Custody Motion to Move or Plead" (Doc. 28); and (2) Defendants' motion for summary judgment (Doc. 30). Plaintiff failed to file any response to Defendants' motion for summary judgment despite numerous motions seeking, and orders granting, extensions of time for Plaintiff do so. (Docs. 35, 36, 37, 38, 41). For the reasons set forth herein, Plaintiff's motion is denied; and Defendants' motion for summary judgment is well-taken, and it is granted.

## I. BACKGROUND

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio, brings this civil rights action under 42 U.S.C. § 1983. Defendants are

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

SOCF Warden Edwin Voorhies, Deputy Warden Cadogan, and SOCF Correctional Officers Thomas, Zinn, and Barney.

Plaintiff's complaint alleges that, on October 22, 2006, Defendants Thomas, Barney and Zinn used excessive force against Plaintiff. (Doc. 2). Thereafter, Plaintiff alleges that he was placed in a J2 slammer cell with no ventilation and was subjected to excessive heat which caused him to pass out. (*Id.*) Once revived, Plaintiff was allegedly taken to an outside hospital for treatment of heat stroke, dehydration and trauma. (*Id.*) Plaintiff alleges that Warden Voorhies and Deputy Warden Cadogan were responsible for the condition of the cell in which he was placed. Plaintiff seeks monetary relief. (*Id.*).

Defendants moved for summary judgment contending that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Doc. 30). Defendants also assert that the time in which to file an administrative grievance arising from the alleged events has expired. (*Id.*) Finally, Defendants argue that they are entitled to qualified immunity. (*Id.*)

In support of their motion, Defendants provide an affidavit of Linda Coval, Deputy Chief Inspector for the Ohio Department of Rehabilitation and Correction ("ODRC"). (Doc. 30, Exhibit 2, ¶2). As part of her job, Covals handles appeals from inmates as set forth in the Ohio Administrative Code and is also the records custodian of such appeals and direct grievances. (*Id.*) According to Coval, while Plaintiff's allegations are grievable under the procedure set forth in the Ohio Admin. Code, Plaintiff's time for filing grievances arising from the alleged events has since expired. (*Id.*, ¶8).

## II. PLAINTIFF'S MOTION

On October 23, 2008, Plaintiff filed a motion captioned "Discovery Release or Custody Motion to Move or Plead." (Doc. 28). Plaintiff's "motion" was filed after the Court entered an Order (Doc. 25) striking similar "motions" previously filed by Plaintiff. (*See* Docs. 16, 17, 23). Those previous filings were stricken because Plaintiff's handwriting was illegible, and the Court was unable to discern the relief Plaintiff requested in the motions. (Doc. 25).

Plaintiff's recent "motion" suffers from the same deficiencies. A review of the "motion" reveals only marginally legible handwritten statements recounting alleged events at the prison. Further, the Court is again unable to discern the actual relief requested by Plaintiff. Accordingly, Plaintiff's "motion" must be denied.

## III. MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*. Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In their motion for summary judgment, Defendants first argue that Plaintiff has failed to exhaust his administrative remedies, and that the time for initiating the grievance procedures has expired. As a result, Defendants argue that Plaintiff is precluded from bringing his claims in this Court, and that summary judgment is proper as a matter of law. The undersigned finds this argument dispositive.

Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983, or any other federal law, "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

-4-

42 U.S.C. §1997e(a).

In *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the Supreme Court held that, to properly exhaust administrative remedies, prisoners must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Furthermore, "the 'applicable procedural rules' that a prisoner must exhaust are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" *Id*. at 922-923.

ODRC maintains a three-step inmate grievance system that is available to all inmates at each of its institutions, as set forth in Ohio Admin. Code § 5120-9-31. The grievance procedure "is designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant" including "complaints regarding . . . conditions of confinement, or the actions of institutional staff." Ohio Admin. Code § 5120-9-31(A).

The first step of the administrative grievance process involves the filing of an informal complaint. Ohio Admin. Code § 5120-9-31(K)(1). The informal complaint must be filed "[w]ithin fourteen calendar days of the date of the event giving rise to the complaint . . . to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." *Id*.

Thereafter, "[i]f the inmate is dissatisfied with the informal complaint response, or the informal complaint process has been waived [by prison officials], the inmate may obtain a notification of grievance form from the inspector of institutional services." Ohio Admin. Code § 5120-9-31(K)(2). The notification of grievance procedure is the second step of the three step process. *Id*. The notification of grievance must be filed "no later than fourteen calendar days from the date of the informal complaint response or waiver of the informal complaint step." *Id*. The inspector of institutional services must then provide a written response to the prisoner containing, among other things, the inspector's investigation findings and final decision. *Id*.

Next, "[i]f the inmate is dissatisfied with the disposition of grievance," the process proceeds to the third step. Ohio Admin. Code § 5120-9-31(K)(3). In the third step, "the inmate may request an appeal form from the inspector of institutional services" and file the appeal form "to the office of the chief inspector within fourteen calendar days of the date of the disposition of grievance." *Id*. Thereafter, "[t]he chief inspector or designee(s) shall provide a written response within thirty calendar days of receipt of the appeal." *Id*. An inmate does not exhaust his remedies under §5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector. *Id*.

Pursuant to Ohio Admin. Code § 5120-9-31(M), "[g]rievances against the warden or inspector of institutional services must be filed directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint."

Thereafter, "[t]he chief inspector or designee(s) shall respond in writing within thirty calendar days of receipt of the grievance." *Id*. "The decision of the chief inspector or designee is final." *Id*.

"All inmates in the custody of ODRC are given both written and oral instructions on how to use the grievance system, including instructions on appeals to the Chief Inspector's office and direct grievances to that office, as required by Ohio Admin. Code §5120-9-31(C)." (Doc. 30, Exhibit 2, ¶7).

In this case, Plaintiff's allegations against Defendants are subject to the administrative grievance process. (Doc. 30, Exhibit 2, ¶8). However, according to Coval, the Deputy Chief Inspector for ODRC and the custodian of records of appeals and direct grievances, Plaintiff never completed the administrative grievance process with regard to the claims asserted herein. (*Id*.) Further, Covals states that the time for filing grievances arising from the alleged actions has since expired. (*Id*.) Plaintiff provides no rebuttal to Defendants' motion and presents no facts showing a genuine issue of fact.

Thus, because Plaintiff, a prisoner in the custody of ODRC, alleges actions pursuant to 42 U.S.C. § 1982, and has failed to exhaust the administrative grievance procedures in accordance with the applicable administrative procedural rules, he has failed to exhaust his administrative remedies. Because the time for filing a grievance under the administrative grievance procedures has expired, summary judgment in favor of Defendants on Plaintiff's claims is proper as a matter of law.

## IV. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that: (1) Plaintiff's motion captioned "Discovery Release or Custody Motion to Move or Plead" (Doc. 28) be **DENIED**; (2) Defendants' motion for summary judgment (Doc. 30) be **GRANTED**; (3) that the Plaintiff's complaint be **DISMISSED**; and (4) that this case be **CLOSED**.

Date: August 24, 2009                          s/ Timothy S. Black
                                                                        Timothy S. Black
                                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SUDBERRY,

    Plaintiff,

vs.

C.O THOMAS, *et al.*,

    Defendants.

Case No. 1:08-cv-208

Weber, .J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).